UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-CV-23292-MORENO-LOUIS

LINDA NELSON,

   Plaintiff(s),

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES, ,

   Defendant(s).

_____/

## PLAINTIFF'S MOTION FOR SANCTIONS
## AND INCORPORATED MEMORANDUM OF LAW

  The Plaintiff, LINDA NELSON, pursuant to Federal Rules of Civil Procedure 37(d)(1)(A)(i) and 37(d)(3), moves for sanctions to be imposed against the Defendant, CARNIVAL CORPORATION, and in support thereof states as follows:

## INTRODUCTION

  This matter arises out of injuries sustained while the Plaintiff, LINDA NELSON, was a passenger onboard the Defendant's Cruise Ship, the Carnival "Conquest". On September 9, 2017, one or more of the Defendant's crew members were pushing a five foot high metal cart through a hallway outside of the casino area when the cart struck the back of the Plaintiff's foot, lacerating it and tearing her Achilles tendon.

  As described in detail below, to date, the Defendant has deliberately and egregiously frustrated the discovery process in this case, part of an unfortunate pattern of conduct by this litigant. On January 11th of this year Defendant Carnival produced a designated corporate

Case No.:  18-CV-23292-MORENO-LOUIS

representative for deposition in this case pursuant to Federal Rule of Civil Procedure 30(b)(6). Despite having over two months to designate and prepare its 30(b)(6) corporate representative for deposition, Carnival failed to conduct even the most basic preparation; its designee proved completely unable to provide any substantive testimony on the designated areas of inquiry.  For other topics in Plaintiff's notice, Carnival failed to produce or designate a witness at all. Carnival compounded the prejudice in frustrating meaningful Rule 30(b)(6) discovery by refusing either to produce the individual crewmember witnesses for deposition or to provide Plaintiff their contact information; Carnival has taken the inconsistent positions that the crewmembers are its current employees, so that Plaintiff may not contact them directly, yet somehow not under its control so that Carnival cannot produce them.   Further, Carnival continues to refuse to provide several categories of documents responsive to valid discovery requests despite having been given numerous extensions of time to do so.

Carnival's tactics in this and, as explained below, other, cases demonstrate a pattern of abuse and delay.  Carnival's disregard for the discovery process has severely prejudiced the Plaintiff, and accordingly, this Court should issue sanctions, including entry of an order pursuant to Rule 37 striking Defendant's pleadings and finding liability established.

## DEFENDANT'S MISCONDUCT

On October 30, 2018, the Plaintiff sent the Defendant a list of topics for a corporate representative deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) and requested available deposition dates.  (Exhibit 1). On December 12, 2018, the Plaintiff noticed the deposition for January 11, 2019. (Exhibit 2).

Case No.:  18-CV-23292-MORENO-LOUIS

In a 30(b)(6) deposition with Carnival in another case[1] two weeks previously, Carnival produced an unprepared witness and failed to designate any witness to address all topics in the notice.  Accordingly, on January 8, 2019, to prevent lack of preparation from becoming an issue in this case as well, the undersigned inquired regarding the identity of the witness to be produced and sought confirmation that all topics would be addressed. (Exhibit 3).   The day before the deposition, after not receiving a response, the undersigned again inquired about the identity of the witness for the corporate representative deposition, and again sought confirmation whether there would in fact be a witness present to testify regarding all designated topics. (Exhibit 4). Defendant responded by email at 7:31 PM the night before the deposition, raising a host of objections for the first time.  The Defendant also disclosed, for the first time, that the witness would not be prepared to discuss topics 5, 6, and 11 in the policies and procedures section, which essentially addressed procedures for proper operation of the equipment involved in the accident. (Exhibit 5) In addition, while Defense counsel indicated that the representative would be the appropriate designee for topic #2 in the "prior incidents" section, relating to warnings or complaints received by Carnival regarding the equipment involved, at the deposition defense counsel clarified that she was not then prepared to discuss that topic, either, and would instead be made available at some other unspecified date.

The deposition proceeded the following day.  In addition to not being prepared at all to discuss the four topics described above, the corporate representative was completely unprepared to testify substantively regarding many other material designated topics.   The designated

---

[1] *Hannah Kartagener v. Carnival Corporation*, S.D. Fla Case No. 18-CIV-20974-JLK.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

representative was not even prepared to identify which of the topics she was designated to discuss. (See Exhibit 6, Deposition Transcript of Monica Petisco, page 7, lines 7-16)

When asked the most basic of questions regarding the cause of Ms. Nelson's injury and activities of the crewmembers involved, Carnival professed ignorance. First, Carnival could not identify which crew members were pushing the cart or how many there were. (Exhibit 6 page 20, lines 15-21; page 54 lines 4-15)   Secondly, Carnival claimed not to know whether it had disciplined any of its crewmembers as a result of Ms. Nelson's injury. (Exhibit 6 page 57, lines 10-12; page 58, line 25 – page 59, line 3).  Carnival did not know what the outcome of its own investigation was, or who, if anyone, it had determined to be at fault. (Exhibit 6 page 27, lines 20-25; page 28, lines 1-4). Carnival did not know what statements, if any, Ms. Nelson had made to Carnival employees (Exhibit 6 page 72, lines 17-19; Exhibit 2 [the deposition notice] topics 1, 2, 3, 6 of section 1).

Carnival's representative also claimed not to know whether or not the company had policies and procedures governing handling of the cart, which way the cart had been pushed, or which part of the cart struck Ms. Nelson. (Exhibit 6 Page 32, lines 16-25, page 34, lines 10-13; Exhibit 2, topics 1, 2, 3, 9 of section 1, topics 5 and 6 of section 2).  Carnival could not identify the specific location on board where Ms. Nelson was struck, (Exhibit 6 Page 38, lines 19-25) or whether the cart that had injured her was still on board the ship (Exhibit 6 page 40, lines 16-22; Exhibit 2, topics 1, 2, 6)

The designated representative's lack of understanding of all these basic and material issues was admittedly a product of her lack of preparation.  She acknowledged that she had failed to speak with or interview any of the employees involved in this case, (Exhibit 6 page 23, lines

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

12-14) or the departments involved (Exhibit 6 page 25, lines 11-18); she also failed to review the crew members' personnel files in preparation for the deposition.  (Page 60, lines 11-12).  She neither read any of the witness statements Carnival recorded nor spoke directly with any of the witnesses. (Exhibit 6 page 84, lines 13-21, 22-24, page 89 line 25-page 90, line 2).  She could not identify any information possessed by the other individuals listed on Carnival's Rule 26 disclosures. (Exhibit 6 bpage 75, line 19 – page 76, line 10; Exhibit 2, topics 7, 9 of section 1). She neither spoke to the crewmembers who investigated the injury nor read their incident report. (Exhibit 6 page 27, line 14-19; page 90, lines 3-5).

In all, Carnival took statements from 7 crewmembers. When asked which witnesses had given statements and what information they had, the representative could provide no information whatsoever, as she had neither read the statements, spoken to any of the individuals, or otherwise learned what information they had about what happened.   The seven potential witnesses identified by Carnival were:

- •    Ines Halebic and Aslam Shaikh, identified as the crewmembers who pushed the cart into Ms. Nelson. (Exhibit 6, page 42, lines 19-21; page 48, lines 12-22)

- •    Jeeranum Pookuntasom, a photographer in the area at the time; (page 68, lines 7-15)

- •    Blaise Wilson Carvalho, a photography department manager who was allegedly present in the area when Ms. Nelson was injured; (page 63, line 21 – page 64, line 7)

- •    Assistant housekeeping manager Prathik Laskar, who allegedly arrived on the scene immediately after the injury; (Page 71, line 24 – page 72, line 10)

- •    Entertainment Director Gordon Travis and Youth Director Divina Begoska, who were identified as having not been in the area at the time of the incident, but who were part of the departments overseeing the "Build a Bear" activity for which the cart or carts at issue were being used. (Page 73, lines 6-25; page 74, line 22 – page 75, line 7)

Case No.:  18-CV-23292-MORENO-LOUIS

The only information the representative was able to provide regarding the crewmembers came from Carnival's responses to witness interrogatories, from which she read at the deposition.  Carnival's interrogatory response indicated states that all four of the crew members listed as having been either pushing the cart or otherwise in the area at the material time (Carvalho, Pookuntasom, Halebic, and Shaikh) were off work or on vacation with no future dates set to return to service aboard a Carnival Ship.  Carnival provided as contact information for the witnesses only their cities or countries of origin, with no addresses or phone numbers.  These crewmembers are located all over the world, in Margad, India (Shaikh), Jablancia, Bosnia and Herzegovina (Halebic), "Thailand, Thailand" [sic] (Pookuntasom), and Mumbai, India (Carvalho).

On December 21, 2018, immediately after receipt of these facially inadequate responses, the undersigned contacted Carnival to request complete contact information.  This has not been forthcoming, since Carnival has taken the position that the crewmembers in question are its current employees and that Ms. Nelson's counsel may not contact them directly.

At the deposition, Carnival had no idea when or if the witnesses present at the time of the accident would be returning to service on board Carnival ships, and had no information regarding their specific whereabouts; Carnival asserted the witnesses to be in a state of limbo, having the status of current Carnival employees so that Plaintiff could not contact them directly, yet simultaneously outside of Carnival's control so that they could not be produced for deposition. (Exhibit 6 pages 42-46; Exhibit 2, topics 5, 8, 13 of section 1).

Even though Carnival had been in possession of the deposition topics for over two months, its designated representative did absolutely nothing to prepare for the deposition aside

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.: 18-CV-23292-MORENO-LOUIS

from speak to Carnival's attorney for 2 hours the day before she testified. (Exhibit 6 page 19, lines 16-24). This lack of preparation rendered her completely unable to answer the relevant substantive questions. Further, Carnival has taken the inconsistent position that every witness that was present at the time of the accident is outside of its control and unavailable for an indefinite period of time, while still conveniently being current employees so that Ms. Nelson is not entitled to their contact information.

As the case law describes in detail below, Carnival's refusal to designate a witness either prepared or capable of testifying as to the areas as described above is the equivalent of failing to produce a witness at all and is sanctionable under Federal Rule of Civil Procedure 37(d)(3).

Compounding the prejudice further is Carnival's failure to produce numerous documents Carnival keeps in the ordinary course of its business operations and that are routinely generated both during a voyage and after an injury takes place on board, such as Security Watch Reports, Summary of Watch reports, i-care records, guest and crew accident summaries, safety meeting minutes, and Performance Records/Evaluations of the employees involved. These documents were responsive to the Plaintiff's request for production, initially due on November 29, 2018. After receiving an extension until December 20, 2018 to provide the responses, Carnival produced responses which merely stated that the documents "would be provided" at some unspecified future date. Carnival requested an extension until January 20, 2018 to produce these documents, and to date has not produced them. (See composite Exhibit 7; discussion on pages 16-17 of Exhibit 6).

As a result of Carnival's discovery misconduct, Ms. Nelson is severely prejudiced. The discovery cutoff in this matter is March 22, 2019, only seven weeks away. [D.E. 8]. To date,

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

Carnival has completely obstructed Ms. Nelson's attempts to conduct discovery in this matter and failed to comply with Rule 30(b)(6) or otherwise comply with discovery requests.

Moreover, Carnival's approach to Rule 30(b)(6) deposition is not an isolated incident but rather reflects a pattern of abuse consistent with Carnival's tactics in other cases.  For example, in *Hannah Kartagener v. Carnival Corporation,* S.D. Fla Case No. 18-20974-JLK, *Maples v. Carnival Corporation*, 17-20130-JEM, and *Walley v. Carnival Corporation*, 17-20076-RNS, Carnival, as here, arrived at the corporate representative deposition without a designee to testify to all the areas of inquiry, requiring a second sitting, months later, at the Plaintiff's further expense. (See composite exhibit 10).  For example, in the Kartagener matter, a case in which the Plaintiff alleges a leaking pipe caused her to slip on water on the floor of an elevator, when asked what Carnival did to investigate the source of the water, Carnival's representative testified they "didn't know" (See Exhibit 10 Kartagener extract, pages 74-75).  When asked if Carnival ever considered adopting or implementing policies or procedures for inspecting the elevators, Carnival "didn't know" that information either. (Page 113).  When the second deposition took place on February 7, 2019, two months later after repeated requests for an earlier date, Carnival still failed to designate a representative to testify about all prior incidents. The undersigned law firm now will need to seek a third deposition and seek relief from the court as in the case at bar.

Nor is this the first time this court has sanctioned and warned Carnival about discovery abuse violations, including violations of Rule 30(b)(6).  In *Villeta v. Carnival Corporation*, 13-24369-CMA, Judge Altonaga of this Circuit sanctioned Carnival under Rule 37 for failing to produce a prepared 30(b)(6) corporate representative and for providing misleading answers to interrogatories (See Exhibit 8). In her 6 page written order, Judge Altonaga specifically warned

Case No.:  18-CV-23292-MORENO-LOUIS

Carnival about discovery abuse violations and that the Sanctions Order would "serve the underlying policies of Rule 37, among them 'deterring others from engaging in similar conduct' and 'penalizing the guilty party' (citing *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985).  At the hearing in front of Magistrate O'Sullivan of this District that preceded Judge Altonaga's Order, Magistrate O'Sullivan, after noting that 30(b)(6) representatives "are supposed to be educated" about basic case facts, stated:

> "Carnival has got to take this stuff a little more seriously.  You know, if they want to say 'yeah, you know, we will give him a couple of reports or we won't give any reports.  If they push hard, we will give them another one, and then if they really push hard, we will actually ask everybody whether they have a, report…"
>
> (See Exhibit 9, *Villeta* hearing transcript, page 21 lines 22-25; page 25, lines 2-7)

As discussed below, this pattern of abuse and deliberate attempt to stall, delay, and deny Plaintiffs the ability to obtain even the most basic discovery warrants sanctions.

## **MEMORANDUM OF LAW**

Rule 30(b)(6) is "designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." *Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 432-33 (5th Cir. 2006). The corporate deponent must therefore "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought ... and to prepare those persons in order that they can answer fully, completely unevasively, the questions posed ... as to the relevant subject matters." *Brazos*, 469 F.3d at 433, quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd*., 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 45

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

(S.D.N.Y. 1992); *Mitsui & Co. (U.S.A.) v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981)(emphasis in Brazos); see *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 699 (S.D. Fla. 1999)(corporate Rule 30(b)(6) deponent must "designate persons who have knowledge of the matters sought" and "prepare those persons so that they are able to give complete and knowledgeable answers.").

Corporations have an "affirmative duty" to make available the witnesses "necessary to give 'complete, knowledgeable and binding answers'" on their behalf. *Ecclesiastes 9:10-11-12, Inc, v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007), quoting *Morelli*, 143 F.R.D. at 45.  While Rule 30(b)(6) "is not designed to be a memory contest," the corporation's designated deponent "must both be knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *Meridien*, 171 F.R.D. at 150.  The corporation accordingly has a duty to prepare the designated deponent to testify "to the extent matters are reasonably available, whether from documents, past employees, or other sources"; the corporation's duty to prepare the witness "goes beyond matters personally known to that designee or ... matters in which that designee was personally involved." *Brazos*, 469 F.3d at 433.  Having a representative personally knowledgeable about some or all of the deposition topics may be convenient for the corporate deponent and make the preparation process more efficient, but is not essential, and the unavailability of such a witness does not relieve the corporate deponent of its obligation to prepare the deponent thoroughly on the basis of corporate records and collective corporate knowledge of the material facts.

The law is also well-established that a Rule 30(b)(6) deponent has "an affirmative obligation to educate himself as to the matters regarding the corporation"; the rule "explicitly

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.: 18-CV-23292-MORENO-LOUIS

requires" a corporate deponent to have its designated witness or witnesses "testify on its behalf as to all matters known or reasonably available to it" and hence "implicitly requires" the designated witness preparing for the deposition "to review all matters known or reasonably available to" the corporate deponent. *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 36 (D. Mass. 2001).

Not only did Carnival fail to comply with its affirmative duty to prepare its designated witness, the witness took affirmative steps to make sure she was NOT prepared. She failed to speak to any of the employees handling the cart, she did not speak to any of the employees otherwise in the area at the material time, she did not speak to the employees who participated in the investigation, and she did not speak to any of the employees who provided statements. She read neither the statements nor the incident report. She did not review any the internal documents prepared in the ordinary course of business when passengers are injured. She spoke to no one, and did nothing, aside from speak to defense counsel for two hours the day beforehand. Predictably, given this lack of preparation, she remained completely unable to testify regarding the designated areas of inquiry or explain even the most basic material facts about the events leading to Ms. Nelson's injury or the operation of the cart that injured her.

Compounding Carnival's obfuscation, it takes the position that all of the crewmembers in the area at the time are outside of its control and unavailable for deposition indefinitely, yet are current employees so that Ms. Nelson is not entitled to their contact information. Further, Carnival has failed to provide numerous internal documents that refer or relate to the incident, as described above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

Rule 37(d)(1)(A)(i) authorizes sanctions for a failure to appear for a Rule 30(b)(6) deposition.  Federal courts deem a failure to prepare a Rule 30(b)(6) witness adequately to testify responsively and substantively regarding the designated topics to be equivalent to a failure to produce a 30(b)(6) witness at all. *See Calzaturficio*, 201 F.R.D. at 39, citing *Starlight International v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)("Producing an unprepared [30(b)(6)] witness is tantamount to a failure to appear at a deposition."); *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp*., 228 F.3d 275, 304 (3d Cir. 2000)(when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), "producing an unprepared witness is tantamount to a failure to appear" for  purposes of ordering sanctions under Rule 37(d)); citing *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D. N.C. 1996); *Resolution Trust Corp. v. S. Union Co*., 985 F.2d 196, 198 (5th Cir. 1993)(upholding an award of fees and costs under Rule 37(d)); *Marker v. Union Fidelity Life Ins. Co*., 125 F.R.D. 121 (M.D.N.C. 1989)("An inadequate Rule 30(b)(6)designation amounts to a refusal or failure to answer a deposition question."); *Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 487, 489-90 (D. Md. 2005)(sanctions appropriate where the 30(b)(6) witness was not prepared to discuss the topics listed on the notice and had not even seen the notice prior to the deposition); *cf.* Fed. R. Civ. Pro. 37(a)(4) (for purposes of companion rule 37(a), "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond.").

Available sanctions under Rule 37(d)(3) include striking pleadings in whole or in part, directing that designated facts be taken as established for purposes of the action, or requiring the party at fault to pay the reasonable expenses caused by the failure.  In this case, the complete and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

utter failure of Carnival to produce an adequately prepared 30(b)(6) representative, compounded by its other failures to provide complete discovery responses and refusal to produce the crewmembers involved, claimed to be still under its control and unavailable for direct contact by Ms. Nelson's counsel, has served to block Ms. Nelson completely from obtaining any meaningful discovery into the facts and circumstances surrounding this incident, information she needs in order to prove liability on the part of Carnival.  Carnival's representative egregiously failed to do so much as pick up a telephone to talk to a single employee, or open the file and read a statement or Carnival's own incident report.  This constitutes flagrant disregard of both the letter and spirit of Rule 30(b)(6), which has severely prejudiced Ms. Nelson.

The 30(b)(6) deposition is designed to streamline the discovery process, and provide a basic understanding of who the relevant witnesses within the corporation are and what knowledge they possess.  When a corporate entity fails to comply in such basic ways, an opposing litigant must incur the expense of deposing numerous witnesses to obtain the knowledge the corporate representative should have at his or her fingertips if properly prepared. The problem is compounded in a maritime case such as this since the key crewmember witnesses reside in scattered locations thousands of miles from the venue required by the ticket contract. Even more problematic is that Carnival's inconsistent positions have prevented Ms. Nelson even from attempting the expensive and time-consuming alternative step of deposing multiple overseas witnesses; Carnival insists its crewmembers are unavailable for it to produce for deposition while simultaneously claiming them to be still current employees to block Ms. Nelson from contacting them directly.  An additional aggravating factor is that, as detailed above, Carnival has engaged in similar obstructive discovery tactics in other cases.  *See Alutiiq*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

*International Solutions, LLC v. OIC Marianas Insurance Corp.*, 2014 U.S. Dist. LEXIS 182841

*34 (D. Nevada Case No. 2:10-cv-1189, June 2, 2014)(treating as one factor weighing in favor

of applying case dispositive sanctions for discovery abuse the previous sanctioning of the same

litigant for similar discovery abuses in another case).

Under the current scheduling order, Ms. Nelson would lack time to conduct complete

discovery even if Carnival were compelled to produce all witnesses and information promptly.

Accordingly, this Court, as a sanction under Rule 37(b)(2)(A)(i-iii), available to the Court under

this procedural scenario through Rule 37(d)(3), should strike the Defendant's pleadings and find

that liability is established.

**WHEREFORE**, the Plaintiff requests entry of an order striking the Defendant's

pleadings and establishing Defendant's liability.

Respectfully submitted,

**By:**    ***s/David Markel***
David Markel, Esq.
Philip M. Gerson
Florida Bar No. 12790
pgerson@gslawusa.com
Edward S. Schwartz, Esq.
Florida Bar No. 346721
eschwartz@gslawusa.com
Nicholas I. Gerson. Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
David Markel, Esq.
Florida Bar No. 78306
dmarkel@gslawusa.com
cbenedi@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case No.:  18-CV-23292-MORENO-LOUIS

Telephone:      (305) 371-6000

## **LOCAL RULE 7.1 CERTIFICATE**

I HEREBY CERTIFY pursuant to Rule 7.1(a)(3) of the Local Rules of this Court that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised by the motion but has been unable to do so.

## **REQUEST FOR ORAL ARGUMENT**

The Plaintiff hereby requests oral argument as to the matters addressed herein.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this February 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*By:*     *s/David Markel*
DAVID MARKEL
Florida Bar No. 78306

Case No.:  18-CV-23292-MORENO-LOUIS

### SERVICE LIST

| | |
|---|---|
| Nicholas I. Gerson. Esq.<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>cbenedi@gslawusa.com<br>Philip M. Gerson<br>Florida Bar No. 12790<br>pgerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>David Markel, Esq.<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorneys for Plaintiff*** | J. Michael Magee, Esq.<br>Carnival Cruise Line<br>3655 N.W. 87th Avenue<br>Miami, Florida 33178-2428<br>Direct Line: (305) 406-5453<br>Dedicated Judge's Phone (305) 406-5399<br>(For Judges only)<br>Legal Asst. Ariadna Conde (305) 406-5937<br>Tel. No.: (305) 599-2600 – Legal Services Dept.<br>Facsimile:  (305)406-4732<br>mmagee@carnival.com<br>aconde@carnival.com<br>***Attorneys for Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624<br>Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905<br>www.injuryattorneyfla.com